**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Aaron Quintero-Soto,<br><br>Defendant. | No. CR-08-00992-001-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant Aaron Quintero-Soto's ("Defendant") Motion for Reduction Pursuant to the First Step Act (Doc. 275). For the reasons stated below, the Court holds Defendant is eligible for resentencing and shall reduce his sentence by 27 months.

**I.     BACKGROUND**

On June 4, 2009, Defendant pleaded guilty to one count of Conspiracy to Possess with the Intent to Distribute Cocaine, Cocaine Base, and Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), 841(b)(1)(A)(viii) and 846. (Docs. 165; 248.) In the factual basis section of Defendant's plea agreement with the United States of America (the "Government"), Defendant admitted that he conspired with a number of individuals "to possess with intent to distribute more than 500 grams of methamphetamine, 5 kilograms of cocaine, and 50 grams of cocaine base" and that on August 21, 2008, agents of the United States Drug Enforcement Administration seized "approximately 8 kilograms of methamphetamine, approximately 48 kilograms of cocaine,

and approximately 1.4 kilograms of cocaine base" from two vehicles associated with him. (Doc. 248 at 13.)  On October 29, 2009, the Honorable Earl H. Carroll[1] sentenced Defendant to a 262-month term of imprisonment and 25 years of supervised release. (Doc. 250.)

On December 24, 2019, Defendant brought the instant motion (Doc. 275).[2] Defendant does not ask for a specific sentence; he merely "asks the Court to sentence him outside the otherwise applicable guideline range." (Doc. 275 at 1.)  While the motion is styled as a "Motion for Reduction Pursuant to the First Step Act," Defendant contends he is "entitled to a new plenary sentencing hearing at which the District Court may impose a reduced sentence." (*Id.* at 6.)  The Government's response in opposition filed on February 6, 2020 argues Defendant is not eligible for resentencing and that even if he were, the Court should exercise its discretion to not reduce his sentence. (Doc. 279 at 10.)  Defendant replied to the Government's response on April 9, 2020 (Doc. 284).

## II. ANALYSIS

The parties raise two issues: whether, under Section 404 of the First Step Act of 2018 (the "First Step Act"), (A) Defendant is eligible for resentencing and (B) if so, whether Defendant is entitled to a plenary resentencing.  Two related statutes control the Court's analysis: the Fair Sentencing Act of 2010 (the "Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2372, and the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194.

Congress enacted the Fair Sentencing Act to reduce the disparate treatment of offenders who dealt cocaine base (also known as crack cocaine) compared to those who dealt powder cocaine. *United States v. Kelley*, 962 F.3d 470, 471-72 (9th Cir. 2020) (citing *Dorsey v. United States*, 567 U.S. 260, 268-69 (2012)).  As the Ninth Circuit explained:

---

[1] This case was reassigned to the undersigned judge on September 6, 2011. (Doc. 256.)

[2] Thrice previously has Defendant attempted to reduce his sentence.  In 2012, he filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255; in 2016, he moved for a sentence reduction based on an amendment to the Federal Sentencing Guidelines under 18 U.S.C. § 3582(c)(2); in 2017, he brought another § 3582(c)(2) motion. (Docs. 258; 260; 264.)  All of these motions were denied. (Docs. 259; 262; 266.)

> Before the Fair Sentencing Act, an offense involving 50 or more grams of crack cocaine would be subject to a statutory sentencing range of 10 years to life in prison, 21 U.S.C. § 841(b)(1)(A)(iii) (2006), and an offense involving 5 or more grams of crack cocaine would be subject to a statutory sentencing range of 5 to 40 years in prison, 21 U.S.C. § 841(b)(1)(B)(iii) (2006). Section 2 of the Fair Sentencing Act amended these sections so that a higher quantity of drugs would be needed to trigger the same sentences; thus, an offense involving 280 or more grams (rather than 50 or more grams) of crack cocaine was subject to a sentence of 10 years to life in prison, and an offense involving 28 or more grams (rather than 5 or more grams) of crack cocaine was subject to a sentence of 5 to 40 years in prison. *See* Fair Sentencing Act § 2.

*Id.* at 472 (footnote omitted). This statute did not, however, affect the sentencing ranges for similar offenses involving other controlled substances, such as powder cocaine and methamphetamine. *See generally* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372. More importantly, "its provisions applied only to those sentenced after its effective date [August 3, 2010], leaving those sentenced earlier with no relief." *United States v. Brown*, --- F.3d ----, 2020 WL 5384936, at *3 (10th Cir. Sept. 9, 2020) (citing *Dorsey*, 567 U.S. at 268-69) (internal citation omitted).

Section 404 of the First Step Act made Sections 2 and 3 of the Fair Sentencing Act retroactive. Under the First Step Act:

> A court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.

First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. Therefore, the First Step Act enabled offenders whose sentences were final before Congress enacted the Fair Sentencing Act to obtain relief, which Defendant now seeks.[3]

---

[3] Some courts have held motions under Section 404(b) of the First Step Act are properly brought under 18 U.S.C. § 3582(c)(1)(B), under which a court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *See, e.g.*, *United States v. Wirsing*, 943 F.3d 175, 184 (4th Cir. 2019) (finding the First Step Act "fits under the narrow exception to finality provided by § 3582(c)(1)(B) because it *expressly* permits the court to modify a term of imprisonment" (internal quotation marks and citation omitted)). This view is mistaken, as "the First Step Act is its own procedural vehicle." *United States v. Sutton*, 962 F.3d 979,

- 3 -

### A. Defendant Is Eligible for Resentencing Under the First Step Act

Whether Defendant is eligible for resentencing boils down to whether he was "sentence[d] for a covered offense." *See id.*; *see also United States v. Boulding*, 960 F.3d 774, 778 (6th Cir. 2020) (determining the defendant's eligibility for a reduced sentence under the First Step Act "distils to whether he was convicted of a 'covered offense' under § 404(a)"). "[T]he term 'covered offense' means a violation of a Federal criminal statute, *the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010* (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010."[4] First Step Act § 404(a). Defendant pleaded guilty to "conspir[ing] with a number of individuals to possess with intent to distribute more than 500 grams of methamphetamine, 5 kilograms of cocaine, and 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), 841(b)(1)(A)(viii) and 846. (*See* Doc. 248 at 13; *see also* Doc. 250.) First, the Fair Sentencing Act modified the statutory penalty for Defendant's offense with respect to crack cocaine by increasing the threshold for a 10-year mandatory minimum sentence from 50 grams to 280 grams. *See Kelley*, 962 F.3d at 472. Second, the violation was committed before August 3, 2010. Accordingly, Defendant's offense is covered and he is eligible for resentencing.

Both of the Government's arguments to the contrary fail. First, the Government argues Defendant is not eligible for resentencing because Defendant—in addition to pleading guilty to conspiracy to possess with the intent to distribute 50 grams or more of crack cocaine—also pleaded guilty to conspiracy to possess with the intent to distribute 5

---

984 (7th Cir. 2020); *cf. Kelley*, 962 F.3d at 477 ("[T]he First Step Act expressly permits a specific type of sentence reduction, and we interpret and implement such an independent congressional enactment on its own terms." (citing *Morton v. Mancari*, 417 U.S. 535, 550-51 (1974))). Indeed, as the Seventh Circuit explained, § 3582(c)(1)(B) "does not itself provide a basis for a defendant to move for a sentence reduction," as "[i]t offers no relief and imposes no conditions, limits, or restrictions on the relief permitted by that other statute or [Federal Rule of Criminal Procedure 35]." *Sutton*, 962 F.3d at 984 (internal citation omitted). Defendant's motion is brought and shall be decided under Section 404(b) of the First Step Act.

[4] The italicized portion has been referred to as the "penalties clause." *See United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019), *cert. denied*, --- U.S. ----, --- S. Ct. ----, 206 L. Ed. 2d 839, 839 (2020); *see also United States v. Jackson*, 964 F.3d 197, 202 n.4 (3d Cir. 2020) (citing *Jackson*, 945 F.3d at 320). The Court adopts this convention.

kilograms or more of powder cocaine and 500 grams or more of methamphetamine, violations that come with ten-year mandatory minimum sentences but were not affected by the Fair Sentencing Act. (*See* Doc. 279 at 7.) The Government reasons the purpose of the First Step Act "was to address sentencing disparities stemming from mandatory minimums for cocaine base compared to cocaine powder" and "there is no sentencing disparity here because Defendant also exceeded the thresholds for both cocaine power and methamphetamine." (*Id.*) Put differently, the First Step Act has no place here because there is no difference between the sentence he has now and one he could have received had the Fair Sentencing Act applied in 2009 due to his cocaine powder and methamphetamine-related infractions.

If Defendant's sentence only involved conspiracy to possess with the intent to distribute crack cocaine, it would unquestionably be a covered offense for the reasons stated above. But on the other side of the coin, if his sentence only involved conspiracy to possess with the intent to distribute cocaine powder or methamphetamine, it would not be a covered offense. Indeed, the Fair Sentencing Act did not amend the penalties in 21 U.S.C. § 841(b)(1)(A)(ii) for powder cocaine or those in 21 U.S.C. § 841(b)(1)(A)(viii) for methamphetamine. The issue then is whether Defendant was convicted of a covered offense where he pleaded guilty conjunctively for conspiring to possess with the intent to distribute powder cocaine, methamphetamine, *and* crack cocaine.

Although the Ninth Circuit has not considered this issue, a recent Fourth Circuit decision is squarely on point. In *United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020), the Fourth Circuit considered the following question:

> Whether a conspiracy that involves the distribution of 50 or more grams of crack cocaine, which is a "covered offense" under the Act because the penalties for it were modified by the Fair Sentencing Act, remains a covered offense if the conspiracy also charges distribution of powder cocaine, the penalties for which were not modified.

*Id.* at 259; *see also id.* at 262 ("The question presented here is narrow—has Gravatt presented a 'covered offense' under Section 404(a) of the Act where the offense of

conviction is a multi-object conspiracy where the penalties of one object (possession of crack cocaine) were modified by the Fair Sentencing Act, while the penalties of the other (powder cocaine) were not reduced and independently support Gravatt's sentence?"). The court held it does, for two reasons. First, the court concluded there is nothing in the text of the First Step Act "requiring that a defendant be convicted of a single violation of a federal criminal statute whose penalties were modified by section 2 or section 3 of the Fair Sentencing Act." *Id.* at 264. Second, it surmised that ruling otherwise would write an additional limitation into the statute, noting Section 404's limitations are detailed in Section 404(c) and reasoning "[i]f Congress intended for the Act not to apply if a covered offense was combined with an offense that is not covered, it could have included that language. But it did not." *Id.*

The Fourth Circuit's reasoning is persuasive; the text of Section 404 does not support the Government's position. But even if the text were ambiguous, requiring a defendant to be convicted of a single violation of a federal criminal statute whose penalties were modified by section 2 or section 3 of the Fair Sentencing Act would still be improper. Aside from the fact that ambiguities in the First Step Act "must be resolved in the defendant's favor," *United States v. Rose*, 379 F. Supp. 3d 223, 229 (S.D.N.Y. 2019), denying Defendant relief "because he was convicted of violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 based on his activities involving both crack cocaine and powder cocaine would also limit the remedial nature of the First Step Act." *United States v. Luna*, 436 F. Supp. 3d 478, 483 (D. Conn. 2020); *see also Rose*, 379 F. Supp. 3d at 229 ("Both the Fair Sentencing Act and the First Step Act have the remedial purpose of mitigating the unfairness created by the crack-to-powder cocaine ratio, and the statutes should be construed in favor of broader coverage." (internal citation omitted)). That Defendant was sentenced for participating in a multi-object conspiracy where the penalties regarding crack cocaine were modified by the Fair Sentencing Act and the penalties regarding powder cocaine and methamphetamine were not does not bar Defendant's First Step Act motion.

The Government next argues "Defendant is ineligible for consideration for a reduced sentence" because "[h]ad the Fair Sentencing Act of 2010 been in affect [sic] when Defendant was sentenced in 2009, Defendant's admission in the factual basis would have triggered the mandatory minimum for cocaine base, because 1.4 kilograms far exceeds the 280 grams threshold for the mandatory minimum in the Fair Sentencing Act." (Doc. 279 at 8.) "[E]ligibility for consideration for a reduced sentence," the argument goes, "depends on the actual drug quantity present in that case," rather than "the drug quantity element of the offense(s) to which defendant pled guilty." (*Id.* (internal citations omitted).) In other words, "it does not matter that the defendant was adjudged guilty beyond a reasonable doubt of possessing" 50 grams or more of crack cocaine: Because the Fair Sentencing Act would not have benefited him in 2009, the First Step Act should not benefit him now. *See Jackson*, 964 F.3d at 202 n.5.

The Government has made this argument before. *See, e.g.*, *id.* at 202 ("The government contends that what matters for a 'covered offense' is the defendant's actual conduct (i.e., the drug quantity a defendant possessed), not limited to the charge in the indictment or the statute of conviction." (footnote omitted)); *see also id.* at 202 n.5 (further explaining this "conduct-based approach"). While the Ninth Circuit has not yet considered this argument, nearly every other circuit has—and rejected it. *See United States v. Smith*, 954 F.3d 446, 448-49 (1st Cir. 2020); *United States v. Johnson*, 961 F.3d 181, 183 (2d Cir. 2020); *Jackson*, 964 F.3d at 202-06; *Wirsing*, 943 F.3d at 185-86; *Jackson*, 945 F.3d at 320-21; *Boulding*, 960 F.3d at 775; *United States v. Shaw*, 957 F.3d 734, 735 (7th Cir. 2020); *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019); *United States v. Jones*, 962 F.3d 1290, 1299-1301 (11th Cir. 2020).[5] A judge of this Court has rejected it as well. *United States v. Askins*, No. CR-02-00645-001-PHX-SRB, 2019 WL 3800227, at *3-6 (D. Ariz. Aug. 6, 2019). While not all of these decisions employ the same reasoning, they all reach the same conclusion: "Congress intended eligibility to turn on a defendant's

---

[5] Only one of these decisions provoked a dissent. *Jackson*, 964 F.3d at 207 (Hardiman, J., dissenting).

- 7 -

statute of conviction rather than his conduct." *See, e.g.*, *Jackson*, 964 F.3d at 202 (citing the circuit court decisions listed above).

The Court agrees for two reasons, each of which emanates from the text of Section 404(a). Again, "the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." First Step Act § 404(a). First, the penalties clause modifies "Federal criminal statute," as opposed to "violation of a Federal criminal statute" or simply "violation." Accordingly, what matters are the enacted penalties under "a Federal criminal statute" and not a violation thereof, which can take virtually limitless forms.

This conclusion is compelled by the use of the past tense in "were modified." *See Jackson*, 945 F.3d at 320. As the Fifth Circuit explained, "[t]he Fair Sentencing Act wasn't retroactive when first passed, so it [could not modify] any penalties imposed for violations committed before August 3, 2010. Instead, the only statutory penalties that the Fair Sentencing Act could have modified were the crack-cocaine penalties provided in the Controlled Substances Act itself." *See id.* (internal quotation marks and citation omitted). If a defendant's conduct is what controls, as the Government contends, "no defendant sentenced before the Fair Sentencing Act's effective date could be eligible for relief, rendering Section 404 a dead letter." *See Johnson*, 961 F.3d at 190.

Second, the Government's conduct-based view of "covered offense" betrays the meaning of "offense." An offense is comprised of elements. *See Elements of Crime*, Black's Law Dictionary (11th ed. 2019). The key element in this First Step Act analysis is the drug-quantity threshold in 21 U.S.C. § 841(b)(1)(A)(iii), which, when Defendant pleaded guilty, was 50 grams or more of crack cocaine. To satisfy that element, all that mattered was whether Defendant crossed that threshold. *See Jones*, 962 F.3d at 1301 ("The range for [this] element meant that the [defendants] did not need to be responsible for exactly 50 grams . . . of crack cocaine—any quantity in the range sufficed and the offense would have as an element . . . 50 grams or more . . . of crack cocaine. . . ." (citing *Mathis*

*v. United States*, --- U.S. ----, 136 S. Ct. 2243, 2249 (2016)). The precise amount of crack cocaine involved in Defendant's offense therefore "is irrelevant as far as the element and the *offense* are concerned. The actual quantity is only the means of satisfying the drug-quantity element." *Id.* (citing *Mathis*, 136 S. Ct. at 2249); *see also Torres v. Lynch*, --- U.S. ----, 136 S. Ct. 1619, 1624 (2016) ("The substantive elements primarily define[] the behavior that the statute calls a violation of federal law." (alteration in original) (internal quotation marks and citation omitted)).

For the foregoing reasons, Defendant was sentenced to a covered offense and is therefore eligible for a sentence reduction.

### B. Defendant Is Not Entitled to a Plenary Resentencing

While Defendant is eligible for a sentence reduction, this does not mean he is entitled to a reduced sentence or a plenary resentencing. First, "[a] district court may reduce a sentence but is not required to do so." *Jackson*, 964 F.3d at 201 (citing First Step Act § 404; *Jackson*, 945 F.3d at 321). Second, "the First Step Act does not authorize plenary resentencing." *See Kelley*, 962 F.3d at 479. As the Ninth Circuit recently explained:

> A district court that decides to exercise its discretion under the First Step Act must: (1) place itself in the counterfactual situation where all the applicable laws that existed at the time the covered offense was committed are in place, making only the changes required by sections 2 and 3 of the Fair Sentencing Act; and (2) determine the appropriate sentence under this counterfactual legal regime.

*Id.* at 475.

### C. Defendant's Sentence Shall Be Reduced by 27 Months

A hearing on Defendant's motion was held on September 30, 2020. For the reasons stated in open court, in the judgment and discretion of the Court, Defendant's sentence shall be reduced by 27 months. As a result, his total sentence shall be 235 months of imprisonment and 25 years of supervised release.

1    IT IS THEREFORE ORDERED that Defendant Aaron Quintero-Soto's Motion for Reduction Pursuant to the First Step Act (Doc. 275) is granted to the extent that Defendant Aaron Quintero-Soto's sentence is reduced by 27 months.

Dated this 1st day of October, 2020.

_____
Neil V. Wake
Senior United States District Judge