**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-08-00992-001-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Aaron Quintero-Soto, | |
| Defendant. | |

Before the Court is Defendant Aaron Quintero-Soto's Motion for Compassionate Release (Doc. 292). Having considered Mr. Quintero-Soto's motion, the Government's notice, and the Government's response (Docs. 292, 293, 301), the Court denies Mr. Quintero-Soto's motion.

**I.   BACKGROUND**

In 2003, Mr. Quintero-Soto was convicted for drug trafficking. (Doc. 301 at 13.) As a result, he served 24 months in prison and one year of supervised release. (*Id.*) Later, in August 2008, Mr. Quintero-Soto was caught smuggling almost $200,000 in drug proceeds and large quantities of illegal drugs, including 35 kilograms of cocaine. (Doc. 248 at 11.) On June 4, 2009, Mr. Quintero-Soto pleaded guilty to one count of conspiracy to possess with intent to distribute 500 grams of methamphetamine, 5 kilograms of powder cocaine, and 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), and 846. (Docs. 165, 248.) On October 29, 2009, Mr. Quintero-Soto was sentenced to 262 months of imprisonment followed by twenty-five years of

supervised release. (Doc. 250 at 1.) Mr. Quintero-Soto later filed a Motion to Vacate the plea agreement based on ineffective assistance of counsel; that motion was dismissed. (Docs. 258, 259.) After that, Mr. Quintero-Soto filed a Motion to Reduce Sentence or for Early Release. (Doc. 275.) The Court granted that motion and reduced Mr. Quintero-Soto's sentence by 27 months. (Doc. 291 at 9.) As a result, Mr. Quintero-Soto is serving a 235-month sentence; he is scheduled to be released on April 28, 2025. (Doc. 291 at 9–10, Doc. 293 at 2.)

On March 18, 2021, Mr. Quintero-Soto filed a motion to the Bureau of Prisons ("BOP") for compassionate release. (Doc. 301 at 6.) That request was denied on April 6, 2021. (*Id.*) Mr. Quintero-Soto followed up by filing a motion which this Court construed as a motion to appoint counsel and a *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A); the Government timely responded to that motion. (Docs. 292, 295, 301.)

## II. LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Compassionate release is an exception to this general rule, allowing a court to reduce a term of imprisonment if a defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). "Section 3582(c) previously provided for compassionate release only upon motion of the BOP Director." *United States v. Partida*, No. CR 17-08260-001-PCT-DGC, 2020 WL 3050705, at *1 (D. Ariz. June 8, 2020). Now, as part of the First Step Act of 2018, a defendant may bring a motion for compassionate release under § 3582(c) after first exhausting all administrative rights with the BOP. *See id.* at *2; *United States v. Johns*, No. CR 91-392-TUC-CKJ, 2019 WL 2646663, at *1–2 (D. Ariz. June 27, 2019).

To grant compassionate release, a court must find that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Ninth Circuit has held that "district courts are

'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)). Further, U.S.S.G. § 1B1.13 provides "extraordinary and compelling reasons" that include (1) a medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) other reasons as determined by the Director of the BOP. *See* U.S.S.G. § 1B1.13 n.1; *see also Johns*, 2019 WL 2646663, at *1–2. While the Ninth Circuit has determined that U.S.S.G. § 1B1.13 is not binding when a prisoner, rather than the Director of the BOP, moves for compassionate release, it may still "inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant." *Aruda*, 993 F .3d at 802.

In addition to showing extraordinary and compelling reasons, a district court may, but is not required to, consider whether a defendant has shown he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13; *see Aruda*, 993 F.3d at 800. Section 3142(g) lists factors to be considered in this determination including the nature and circumstances of the offense, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the danger that the defendant would pose to the community. *See* 18 U.S.C. § 3142(g). "A defendant bears the burden of demonstrating that he poses no danger to the community upon release." *United States v. Magana-Lopez*, No. CR-11-04200-001-TUC-RCC (JR), 2020 WL 6827766, at *4 (D. Ariz. Nov. 20, 2020).

Finally, Section 3582(c) also requires a court to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable" when analyzing a motion for compassionate release. The § 3553(a) factors include:

> [T]he nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide

- 3 -

restitution to victims.

*United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013) (citing 18 U.S.C. § 3553(a)). To grant compassionate release, a court must find both an extraordinary and compelling reason for compassionate release and that the § 3553(a) factors warrant compassionate release. *See Magana-Lopez*, 2020 WL 3574604, at *2 (considering extraordinary and compelling reasons and § 3553(a) factors separately); *United States v. Platt*, No. 18-cr-195-WJM, 2020 WL 3839847, at *3 (D. Colo. July 8, 2020) (same). Thus, "compassionate release 'due to a medical condition' is generally treated as 'an extraordinary and rare event.'" *United States v. Hearron*, No. CR 91-392-2-TUC-CKJ, 2020 WL 4569556, at *5 (D. Ariz. Aug. 7, 2020) (quoting *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019)).

### III.    DISCUSSION

To start, the Court determines whether Mr. Quintero-Soto has exhausted the appropriate administrative remedies. Then, the Court analyzes whether there are extraordinary and compelling reasons warranting Mr. Quintero-Soto's release. After that, the Court decides whether Mr. Quintero-Soto poses a danger to the community. Finally, the Court considers whether the § 3553(a) factors warrant Mr. Quintero-Soto's release

#### A.    Administrative Exhaustion

Under the First Step Act of 2018, a court may reduce a sentence where "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf **or** the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Even if the warden denies a request within thirty days, making a formal request and allowing thirty days to lapse before filing a suit satisfies the exhaustion requirement. *See, e.g.*, *United States v. Fields*, 457 F. Supp. 3d 726, 730–731 (D. Alaska 2020). Mr. Quintero-Soto filed a Motion for Compassionate Release with the Bureau of Prisons on March 18, 2021. (Doc. 301 at 6.) That motion was denied on April 6, 2021. (*Id.*) The Government concedes that thirty days have passed since Mr. Quintero-

- 4 -

Soto's request to the warden. (*Id.* at 6–7.) Accordingly, the Court concludes that Mr. Quintero-Soto has exhausted his administrative remedies. It now turns to the merits of Mr. Quintero-Soto's motion.

### B. Extraordinary and Compelling Circumstances

Mr. Quintero-Soto argues that extraordinary and compelling reasons justify a reduction in his sentence. (*See generally* Doc. 292.) The Court does not agree.

Mr. Quintero-Soto's two stated grounds for his early release are the mental strain he feels given the death of his parents and his modified confinement conditions due to COVID-19 restrictions at his facility. (Doc. 292 at 2; Doc. 293 at 4.) But these reasons are entirely ordinary and "do not distinguish Mr. Quintero-Soto from the many other prisoners who have been sentenced to lengthy terms of incarceration." (Doc 293 at 4.) As such, Mr. Quintero-Soto's "motion does not state a *prima facie* claim for a sentence reduction" and his motion should be denied. (*Id.*)

Although Mr. Quintero-Soto does not allege any medical conditions that put him at an increased risk for severe illness if infected with COVID-19, the Government hypothesizes that he could have raised the fact that he was a former smoker.[*] (Doc. 301 at 9.) The Court also notes that Mr. Quintero-Soto is 53 years old which also increases his risk of severe COVID-19 infection. (*Id.* at 7 n1.) The Court has considered these factors and concludes that they do not present an extraordinary and compelling justification for early release.

Even with two high-risk factors, Mr. Quintero-Soto's medical condition does not warrant compassionate release. The CDC has stated that "[o]lder adults are more likely to get very sick from COVID-19. . . . **The risk increases for people in** their 50s and increases in 60s, 70s, and 80s. People 85 and older are the most likely to get very sick." *See COVID-19 Risks and Vaccine Information for Older Adults*, CDC,

---

[*] The Government notes that it may have missed other CDC-identified risk factors when reviewing Mr. Quintero-Soto's BOP paperwork. (Doc. 301 at 9 n.3.) The Court conducted a review of Mr. Quintero-Soto's BOP paperwork and found no other risk factors aside from the mild risk of severe infection due to his age of 53 years. (Doc. 301 at 7 n1.) The Court, however, may have also missed possible risk factors and it is Mr. Quintero-Soto, the defendant, who is in the best position to assert risk factors.

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited October 5, 2021). Accordingly, as a 53-year-old man, Mr. Quintero-Soto faces a heightened risk as compared to younger inmates. Additionally, Mr. Quintero-Soto is a former smoker; "[b]eing a . . . former cigarette smoker **can make you more likely** to get severely ill from COVID-19." *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited October 5, 2021).

While the Court is sympathetic to Mr. Quintero-Soto's potential health concerns, it concludes that there are no extraordinary and compelling justifications warranting his compassionate release. A past history of smoking does not meet the extraordinary and compelling standard. *See, e.g.*, *United States v. Goldman*, No. 2:18-cr-00077-TLN, 2020 WL 2850229, at *3 (E.D. Cal. June 2, 2020) (holding that "[d]efendant's past history of smoking is not sufficient to meet the extraordinary and compelling standard" despite the defendant also being 45); *see also United States v. Jennings*, No. 1:17-cr-00155-NONE, 2021 WL 289390, at *2 (E.D. Cal. Jan. 28, 2021) ("[T]here are policy reasons why smoking by itself— especially with no supporting evidence that the history of smoking has caused significant health ailments—may not be an appropriate ground justifying compassionate release."). Further, although Mr. Quintero-Soto's age places him at a slightly heightened risk, numerous courts have found that inmates older than Mr. Quintero-Soto with various health issues did not warrant compassionate release. *See, e.g.*, *United States v. Applewhite*, No. 6:08-cr-60037-MC, 2020 WL 137452, at *2 (D. Or. Jan. 13, 2020) (denying compassionate release to an 80-year-old who "has experienced a serious deterioration in physical health because of the aging process"); *United States v. McPeak*, No. 2:18-cr-00069-JAD-NJK-2, 2020 WL 4905540, at *2 (denying compassionate release to 74-year-old inmate for failure to demonstrate extraordinary and compelling reasons).

For these reasons, the Court concludes that Mr. Quintero-Soto has not demonstrated extraordinary and compelling reasons for his compassionate release. While

the lack of extraordinary and compelling reasons is enough to end the Court's analysis, the Court will also examine the danger Mr. Quintero-Soto poses to the community and the 18 U.S.C. § 3553(a) factors.

### C. Danger to Community

Theoretically, if Mr. Quintero-Soto were to have established extraordinary and compelling circumstances warranting his compassionate release, the court could still deny his motion for compassionate release if it finds that he poses a danger to the community. *See United States v. Capito*, No. CR-10-08050-001-PCT-MTL, 2020 WL 5846608, at *5 (D. Ariz. Oct. 1, 2020). Mr. Quintero-Soto's motion does not address this argument. Nevertheless, the Court will proceed with an analysis. Mr. Quintero-Soto bears the burden of demonstrating that he poses no danger to the community upon release. *Magana-Lopez*, 2020 WL 6827766, at *4. As noted in his Motion, since his incarceration, Mr. Quintero-Soto has completed several classes including classes to obtain his GED, ESL Classes, and an American History class. (Doc. 292 at 2.) Mr. Quintero-Soto has also had a clean discipline history while in prison. (*Id.*)

The Court commends Mr. Quintero-Soto's good behavior and academic achievements while incarcerated. But the Court believes that he still poses a danger to society. *See Applewhite*, 2020 WL 137452, at *2 ("The Court acknowledges that Mr. Applewhite has been a model inmate but is unconvinced that such behavior warrants an abrupt departure from his current sentence."). Mr. Quintero-Soto was twice convicted of drug trafficking. (Docs. 165, 248.) His second offense involved an attempt to smuggle nearly $200,000 in drug proceeds and large quantities of illegal drugs. (Doc. 248.) He pleaded guilty to possession with intent to distribute 500 grams of methamphetamine, 5 kilograms of powder cocaine, and 50 grams of crack cocaine. (*Id.*)

As the Government notes, danger to the community "may, at least in some cases, encompass pecuniary or economic harm." *United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992). Trafficking large quantities of drugs like methamphetamine, cocaine, and crack cocaine is a dangerous activity. *E.g. United States v. Montalvo-Mariscal*,

812 F. App'x 665, 666 (9th Cir. 2020) (affirming a district court decision which determined that trafficking large quantities of cocaine and other drugs is a danger to the community). Mr. Quintero-Soto has served 24 months in prison and one year of supervised release for the previous drug trafficking charge. (Doc. 301 at 13.) His previous history of drug trafficking indicates a good chance of recidivism and counsels against release. Accordingly, the Court finds that Mr. Quintero-Soto is a danger to the community. *See United States v. Osorio-Arellanes*, No. CR-11-00150-001-TUC-DCB (BGM), 2021 WL 673292, at *2 (D. Ariz. Feb. 22, 2021) (holding that "large-scale criminal enterprises, involving large amounts of dangerous drugs, are the type that pose considerable danger to the community"); *United States v. Burgos-Valencia*, No. CR-05-00125-001-TUC-DCB (BPV), 2020 WL 7495442, at *2 (D. Ariz. Dec. 21, 2020) ("[D]rug trafficking offenses, especially large-scale operations . . . pose a considerable danger to the community.")

### D.   18 U.S.C. § 3553(a) Factors

The Court further denies Mr. Quintero-Soto's motion because the § 3553(a) factors weigh against compassionate release. *See United States v. Acosta*, No. CR-03-00075-PHX-RCC, 2021 WL 1790773, at *3 (D. Ariz. May 5, 2021) ("Even if an inmate has presented a compelling and extraordinary case for early release, the Court must also weigh the § 3553(a) factors to determine whether release is warranted.").

Given his good behavior and academic achievements, the Court believes Mr. Quintero-Soto's "history and characteristics" slightly weigh in favor of supporting a reduction of his sentence. As noted above, Mr. Quintero-Soto is a repeat drug offender having previously served 24 months in prison and one year of supervised release in a previous drug trafficking charge. (Doc. 301 at 13.) However, his good behavior in prison and academic accomplishments, standing alone, suggest that, if released, he would be a good citizen. On balance, the evidence slightly weighs in favor of compassionate release.

The Court also examines the "nature and circumstances" of Mr. Quintero-Soto's offense. If the nature and circumstances of Mr. Quintero-Soto's crime are such that a

reduction in time served would not reflect the seriousness of his actions, then that is evidence that the Court should not release Mr. Quintero-Soto. *See, e.g.*, *United States v. Rice*, No. 12-cr-818-PJH, 2020 WL 3402274, at *3 (N.D. Cal. June 19, 2020) (finding, in part, that the nature of defendant's crime did not warrant reducing defendant's prison sentence). Mr. Quintero-Soto was caught smuggling almost $200,000 dollars in drug proceeds and large quantities of cocaine, methamphetamine, and crack cocaine. (Doc. 301 at 13.) The amount of money and drugs Mr. Quintero-Soto was smuggling and trafficking demonstrates his crime was dangerous in nature and weighs against reducing his sentence. Additionally, he was the leader of the trafficking operation; thus, the circumstances of the offense are such that he should not be released. (*Id.*)

Reducing Mr. Quintero-Soto's sentence would undermine the goal that his sentence "reflect the seriousness of the offense," "promote respect for the law," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(2)(A), (6). Mr. Quintero-Soto already received a 27-month reduction in his sentence (Doc. 291.) In that order, the Court did not find that immediate release or further reduction was warranted. Mr. Quintero-Soto's condition has not changed in a way that would indicate release. Furthermore, immediate release would not reflect the seriousness of his offense because Mr. Quintero-Soto would be released having only served 77 percent of his reduced sentence. (Doc. 301 at 3.) This would also undermine the goal that sentence reductions should promote respect for the law because shorter sentences provide less of a deterrent for trafficking illegal drugs and smuggling drug money. Finally, it could result in sentencing disparities among defendants with similar records because Mr. Quintero-Soto was initially sentenced to the lowest amount of time in the guideline range (262 months) before having that sentence further reduced. (Doc. 301 at 3.) His immediate release would result in him serving 77 percent of a sentence that was already reduced below the guideline range. Such a vast disparity in sentencings for defendants with similar records and offenses would be unacceptable.

Thus, after weighing the § 3553(a) factors, the Court finds that compassionate release is not warranted. *See Magana-Lopez*, 2020 WL 3574604, at *2 (noting that denial of compassionate release is appropriate when the § 3553(a) factors weigh against release); *United States v. Silva*, No. 4:17-cr-554-PJH-03, 2020 WL 4039218, at *3–4 (N.D. Cal. July 17, 2020) (same); *Rice*, 2020 WL 3402274, at *3 (same); *see also United States v. Esparza*, No. 1:16-cr-00122-DAD-BAM, 2020 WL 4805055, at *6 (E.D. Cal. Aug. 18, 2020) (noting that the court would need to find that the § 3553(a) factors supported release even if extraordinary and compelling reasons for compassionate release were found).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED denying** Mr. Quintero-Soto's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1) (Doc. 292).

Dated this 5th day of October, 2021.

Michael T. Liburdi
United States District Judge